**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-41125
Summary Calendar

MARCOS VILLEGAS,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(B-93-CV-111)

August 15, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

On July 20, 1992, Marcos Villegas was one of a large group of illegal aliens attempting to evade detection and capture by the U.S. Border Patrol approximately 100 miles north of Brownsville, Texas, near the Sarita Border Patrol check point. At approximately

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

10:15 p.m., the group was spotted by Border Patrol agents, who issued a warning that Immigration agents were in the area. As the group scattered, Villegas hid in a field of tall grass by lying with his face toward the ground.

Agent Robert Allman drove a Border Patrol vehicle in pursuit of the aliens and accidentally struck and injured Villegas while he was hiding. Villegas sued the Government for the negligence of its employee pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). He alleged that Allman was negligent for failing to keep a proper lookout, failing to control his speed, and failing to timely apply the brakes. The Government alleged that Villegas's injuries were the result of his own negligence.

At trial, Villegas attempted to introduce a new theory of negligence, arguing that the Government was negligent for failing to implement a policy under which officers would conduct foot searches in front of vehicles looking for aliens. The Government objected to this new theory. Villegas moved to amend the pleadings to conform with his allegation. The magistrate refused to consider the defendant's argument because it was not pleaded in the complaint, and no discovery was conducted on the issue.

Villegas contends that the magistrate judge erred in refusing to consider his new claim. He urges that the claim was identified in the joint pretrial order and, therefore, was properly before the court under Fed. R. Civ. P. 16. He asserts that, even if not

2

properly pleaded, the claims were tried by consent of the parties under to Fed. R. Civ. P. 15(b) and that the magistrate judge erred in refusing to allow an amendment to conform to the evidence.  We disagree, and for the reasons that follow, we AFFIRM.

Both a trial court's interpretation of a pretrial order and its decision to deny an amendment to the pleadings are reviewed for abuse of discretion.  Thrift v. Hubbard, 44 F.3d 348, 356 (5th Cir. 1995); Moody v. FMC Corp., 995 F.2d 63, 65 (5th Cir. 1993).

The language in the pretrial order is insufficient to put the Government on notice that Villegas was asserting a new theory of negligence.  As the Government points out, the pretrial order does not specifically refer to a claim of negligence based upon the failure to implement a foot-search policy, nor do the attached witness or exhibit lists demonstrate that Villegas intended to offer evidence in support of such a claim.  Accordingly, the magistrate judge did not abuse his discretion in interpreting the pretrial order as failing to properly raise the new claim.  See, e.g., Lamborn v. Dittmer, 873 F.2d 522, 526-27 (2nd Cir. 1989).

The magistrate likewise did not abuse his discretion in refusing to allow a trial amendment under to Fed. R. Civ. P. 15(b). Rule 15(b) provides the limited circumstances in which a trial or post-judgment amendment to conform the pleadings to the evidence and assert claims not raised by the pleadings is permitted.  The rule directs a court to determine whether the parties expressly or

3

impliedly consented to try the issue not raised in the pleadings. Fed. R. Civ. P. 15(b). The record in this case does not support a finding of express consent. To support a finding of implied consent, a court must consider "whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent prejudiced the opposing party's opportunity to respond." Portis v. 1st Nat'l Bank of New Albany, Miss., 34 F.3d 325, 332 (5th Cir. 1994), quoting United States v. Shanbaum, 10 F.3d 305, 312-13 (5th Cir. 1994). Generally, a court will find implied consent if a party fails to object to evidence supporting issues that go beyond the pleadings. Id.

Villegas asserts that the claim was tried by consent because the Government did not object to the presentation of evidence regarding policies, training, and whether agents should have posted lookouts on the ground. It appears, however, that most of this evidence was not objected to because it was relevant to Allman's duty to keep a proper lookout, one of the pleaded issues in the case. Moreover, the Government did object to evidence regarding Border Patrol policies on the grounds that the evidence fell outside the scope of the pleadings and that the witnesses were not qualified to testify about matters of policy.

The Government's objections demonstrate lack of consent. This

4

fact alone may support a court's denial of a motion to amend. Moody, 995 F.2d at 66. Further, trial by consent requires that the parties actually recognize the issue to have been litigated. Trinity Carton Co., Inc. v. Falstaff Brewing Corp., 767 F.2d 184, 192 (5th Cir. 1985). A party does not impliedly consent by failing to object to evidence which is relevant to pleaded issues. Moody, 995 F.2d at 66. Thus, the Government's failure to object to issues relevant to the allegations in the complaint do not demonstrate trial by consent.

Despite the Government's objections, the magistrate judge may have abused his discretion if allowing the proposed amendment would have promoted the interests of justice without prejudice to the Government. Id. In deciding whether to allow amendment over a party's objection, the district court should consider: 1) the interests of justice; 2) the potential prejudice to the objecting party; and 3) whether the requesting party unduly delayed its request to amend its pleadings. Id. The magistrate judge found that the Government was prejudiced by its inability to conduct discovery on the policy issue and its corresponding failure to present appropriate witnesses to testify at trial. The magistrate also concluded that Villegas unduly delayed his request for an amendment: discovery had long since been completed, trial was nearly complete, and Villegas gave no reason for the delay. These findings are not erroneous. See e.g., Moody, 995 F.2d at 66,

5

holding that a motion to amend was unduly delayed because discovery was completed, trial was already underway, and delay was unexplained. The interests of justice did not override the prejudice to the Government and the defendant's undue delay in requesting the amendment. We hold, therefore, that the magistrate judge's denial of the defendant's motion to amend was not an abuse of discretion.

**AFFIRMED.**

6